FILED
2017 May-18  AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN OLIVER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| ALABAMA CEMETERY SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331,

1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of

Congress known as the "Civil Rights Act of 1964," as amended by the "Civil

Rights Act of 1991", and 42 U.S.C. § 1981, as amended. The jurisdiction of this

court is invoked to secure protection for and to redress the deprivation of rights

secured by 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, providing injunctive

and other relief against race discrimination, racial harassment, and retaliation in

employment.

## II. PARTIES

2.     Plaintiff, Kevin Oliver, ("Plaintiff") is an African American male citizen of the United States and is a resident of Northport, Alabama.

3.     Defendant, Alabama Cemetery Services, LLC, ("Defendant") is a domestic limited liability company. The Defendant is engaged in business in Alabama.

4.     At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## III. ADMINISTRATIVE PROCEDURES

5.     Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by his employer, Defendant.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, their agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against

and/or retaliating against the Plaintiff and others similarly situated on account of racial discrimination, and retaliation.

8.     On October 12, 2016, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

9.     Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on February 23, 2017, and Plaintiff filed suit within ninety (90) days of receipt of his Dismissal and Notice of Rights.  (Exhibit 2).

10.     Administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

11.     Plaintiff hereby adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

12.     Plaintiff, Kevin Oliver is an African American male.

13.     Plaintiff began working for the Defendant on or about April 27, 2016, as a Laborer.

14.     Plaintiff was terminated on or about July 7, 2016.

15.     Plaintiff was the only African American employee at his location.

16.     Plaintiff was subjected to racial slurs and inappropriate racial

comments during his employment with Defendant.

17.     Defendant required Plaintiff to work a 60 day probationary period when he was initially hired.

18.     During Plaintiff's probationary period, Defendant denied him essential training.

19.     Plaintiff repeatedly asked his Caucasian Area Supervisor, Shaun Lindsey, for training and Mr. Lindsey would respond telling Plaintiff he was too busy to train him.

20.     Plaintiff never had the opportunity to complete his training.

21.     Mr. Lindsey would constantly assign Plaintiff tasks he had not been trained on, and if Plaintiff made a mistake, he would be ridiculed, yelled at and cursed at by Mr. Lindsey.

22.     Plaintiff was often given the more physically demanding tasks to complete, while his Caucasian coworkers were assigned the easier jobs and allowed to leave work to shop for supplies with Mr. Lindsay.

23.     Caucasian coworkers were treated more favorably than Plaintiff and did not have to work or perform the similar job duties as Plaintiff. Caucasian employees were allowed to ride around in a company vehicle with air conditioning while Plaintiff was told to work in the heat with no air conditioning.

24.     Mr. Lindsey allowed Caucasian co-workers to boss Plaintiff around

and order Plaintiff to do their assigned work.

25.    In early to mid June 2016, Plaintiff complained about this discriminatory and unfair treatment to Mr. Lindsey, but nothing was done to address Plaintiff's complaints.

26.    Plaintiff also complained to Mr. Lindsey's Caucasian supervisor, Mike Comer, at the Elwood location in Birmingham, AL.

27.    Mr. Comer informed Plaintiff he was going to talk to Mr. Lindsey about Plaintiff's complaints.

28.    After Mr. Comer spoke with Mr. Lindsey, the verbal abuse Plaintiff endured from Mr. Lindsey increased.

29.    Mr. Lindsey began to constantly yell, scream and curse at Plaintiff.

30.    Caucasian employees and employees that had not engaged in protected activity were not treated in this same manner.

31.    Mr. Lindsey falsely accused Plaintiff of damaging equipment that was damaged by Caucasian employees.

32.    On one occasion, Plaintiff was off work for two days and upon his return he was yelled at, screamed at, and cursed at by Mr. Lindsey and falsely accused of damaging equipment. However, the equipment was damaged while Plaintiff was off work.

33.    Plaintiff was continually instructed by Mr. Lindsey to go help

Caucasian employee Robert "Anthony" Smith at the Sunset location because Mr. Smith was always behind and failed to complete tasks.

34.     Mr. Smith was not placed on probation, disciplined or terminated.

35.     Plaintiff performed Mr. Smith's job duties at the Sunset location and then had to return to the Memory Hill location to complete his remaining assigned job duties.

36.     Mr. Smith would constantly berate Plaintiff and would scream, yell and curse at Plaintiff.  Mr. Smith constantly called Plaintiff "lazy ass."  Mr. Smith did not treat the Caucasian employees in this same manner.

37.     Mr. Lindsey would falsely accuse Plaintiff of being late.

38.     Mr. Lindsey and Caucasian employee Mr. Caovto were frequently late and were not disciplined.

39.     Mr. Lindsey extended Plaintiff's probationary period after Plaintiff complained and engaged in protected activity.

40.     Caucasian coworker, Colin Cavoto, would constantly ask inappropriate racially motivated questions such as, "how do you feel about white guys calling you brother" and comments such as "I don't get why black people take offense to stuff."

41.     Plaintiff has also been subjected to racial comments from Defendant's vendors. A Caucasian man working for a vendor told Plaintiff he had a "nigger"

granddaughter.

42.     Plaintiff was terminated on or about July 7, 2016, approximately one month after he complained about discrimination and engaged in protected activity.

## COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RACE DISCRIMINATION AND HARASSMENT CLAIMS

43.     Plaintiff hereby adopts and realleges paragraphs (1) through ten (10) herein above as if fully set forth herein.

44.     Plaintiff, Kevin Oliver is an African American male.

45.     Plaintiff began working for the Defendant on or about April 27, 2016 as a Laborer.

46.     Plaintiff was terminated on or about July 7, 2016.

47.     Plaintiff was the only African American employee at the Memory Hills location where Plaintiff was assigned to work.

48.     Plaintiff's supervisor, Shaun Lindsey, is Caucasian.

49.     Mr. Lindsey treated Plaintiff less favorably than the Caucasian employees.

50.     Plaintiff's Caucasian supervisor would yell at Plaintiff and curse Plaintiff.

51.     Caucasian employees were not treated in this same manner.

52.     Plaintiff was subjected to racial slurs and inappropriate racial

comments from coworkers and vendors of Defendant.

53.    When Plaintiff was hired he was placed on a 60 day probationary period, but Defendant failed and/or refused to provide Plaintiff essential training during his probationary period.

54.    Plaintiff repeatedly asked his Caucasian Area Supervisor, Shaun Lindsey, for training, but Plaintiff's requests were denied.

55.    Mr. Lindsey would respond to Plaintiff's requests for training and state that he was too busy.

56.    Plaintiff was also denied the opportunity to complete his training.

57.    Mr. Lindsey would constantly assign Plaintiff tasks without providing Plaintiff training, and if Plaintiff made a mistake, Mr. Lindsey would ridicule Plaintiff while yelling and cursing at Plaintiff.

58.    Plaintiff was often given more physically demanding job duties to complete, while his Caucasian coworkers were assigned easier job duties and allowed to leave work and go shop for supplies with Mr. Lindsey.

59.    Plaintiff's Caucasian coworkers were allowed to ride around in a company vehicle with air conditioning and ignore their job duties, while Plaintiff was ordered to work in the heat with no air conditioning.

60.    Plaintiff was also told had to perform the job duties of Caucasian co-workers in addition to his own assigned job duties.

61.    Mr. Lindsey falsely accused Plaintiff of damaging equipment that Caucasian employees damaged.

62.    On one occasion, Plaintiff was off work for two days and upon his return Mr. Lindsey yelled and screamed at Plaintiff, and cursed Plaintiff claiming Plaintiff damaged equipment.  Plaintiff was off work at the time the equipment was damaged.

63.    Mr. Lindsey repeatedly told Plaintiff to go help Caucasian co-worker, Robert "Anthony" Smith, at the Sunset location as he was always behind and failed to complete tasks.

64.    Plaintiff would go to Sunset and complete Mr. Smith's work and return to Memory Hill to complete his remaining tasks.

65.    Mr. Smith would constantly berate Plaintiff and would scream, yell and curse at Plaintiff.

66.    Mr. Smith constantly called Plaintiff "lazy ass."

67.    Caucasian coworker, Colin Cavoto, would constantly ask inappropriate racially motivated questions such as, "how do you feel about white guys calling you brother" and comments such as "I don't get why black people take offense to stuff."

68.    Plaintiff has also been subjected to racial comments from vendors of Defendant.  An older Caucasian man once told Plaintiff "I have a little "nigger"

granddaughter.

69.    Plaintiff complained about this discriminatory and unfair treatment to his Caucasian supervisor Mr. Lindsey. However, nothing was done to address Plaintiff's complaints and the discriminatory conduct continued.

70.    Plaintiff also complained to Mr. Lindsey's Caucasian boss, Mike Comer. Mr. Comer informed Plaintiff he was going to talk to Mr. Lindsey about Plaintiff's complaints.

71.    Mr. Lindsey extended Plaintiff's probationary period and did not treat Caucasian employees in this same manner

72.    Caucasian employees were late and failed to perform their assigned duties and were not disciplined or terminated.

73.    Defendant terminated Plaintiff's employment on July 7, 2016.

74.    Defendant subjected Plaintiff to racial discrimination, racial harassment, and a racially hostile working environment because of his race.

75.    Plaintiff has been unjustly disciplined, subjected to racially offensive comments, forced to work in a racially hostile environment, discriminated against, treated differently, denied pay, denied time off, harassed, and terminated by Defendant because of his race, African American.

76.    Defendant has a habit and/or practice of discriminating against African-Americans, harassing African Americans and condoning and/or allowing

racial discrimination and a racially hostile environment.

77.    Supervisors and managers employed by Defendant engaged in these unlawful practices, were aware these unlawful practices by other employees, encouraged and/or condoned these unlawful practices.

78.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

79.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

80.    Plaintiff has been directly affected by the racially discriminatory and racially harassing practices described in this Complaint.

81.    Defendant's conduct and the conduct of its employees was so severe or pervasive as to create a racially hostile working environment to which Plaintiff was subjected.

82.    Defendant knew or should have known of the racial discrimination and racial harassment Plaintiff was forced to endure.

83.    Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the racial discrimination and racial harassment/hostile environment Plaintiff was forced to endure.

84.    Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

85.    Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

86.    Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended and 42 U.S.C. § 1981, as amended.

87.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

88.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.    Grant Plaintiff a permanent injunction enjoining Defendant's, their

Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

     c.     Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

     d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RETALIATION CLAIMS

89.     Plaintiff adopts and realleges paragraphs one (1) through ten (10) as if fully set forth herein.

90.     Plaintiff, Kevin Oliver is an African American male.

91.     Plaintiff began working for the Defendant on or about April 27, 2016 as a Laborer.

92.     Plaintiff was terminated on or about July 7, 2016.

93.     Plaintiff was the only African American employee at the Memory Hills location.

94.    Plaintiff was subjected to racial slurs and inappropriate racial comments from coworkers and vendors of Defendant.

95.    When Plaintiff was hired he was placed on a 60 day probationary period.

96.    During Plaintiff's probationary period, Defendant denied him essential training.

97.    Plaintiff repeatedly asked his Caucasian Area Supervisor, Shaun Lindsey, for training and Mr. Lindsey responded stating he was too busy to train Plaintiff.

98.    Plaintiff never had the opportunity to complete his training.

99.    Mr. Lindsey would constantly assign Plaintiff tasks that he had not been trained on, and if Plaintiff made a mistake, he would be ridiculed, yelled at and cursed at by Mr. Lindsey.

100.   Plaintiff was often given the more physically demanding tasks to complete, while his Caucasian coworkers were assigned easier tasks and allowed to leave work to go shopping with Mr. Lindsey for supplies.

101.   Plaintiff's Caucasian coworkers would not work and would ride around in the company vehicle with air conditioning while Plaintiff was instructed to work in the heat.

102.   In early to mid June 2016, Plaintiff complained about this

discriminatory and unfair treatment to Mr. Lindsey, his Caucasian supervisor.

103. Nothing was done to address Plaintiff's complaints and the discriminatory and harassing conduct continued.

104. Plaintiff also complained to Mr. Lindsey's Caucasian boss, Mike Comer.

105. Mr. Comer informed Plaintiff he was going to talk to Mr. Lindsey about Plaintiff's complaints.

106. After Plaintiff complained to Mr. Lindsey he began to retaliate against Plaintiff.

107. After Plaintiff complained to Mr. Comer, Mr. Lindsey retaliated against Plaintiff.

108. Mr. Lindsey falsely accused Plaintiff of being late after Plaintiff complained and engaged in protected activity.

109. Mr. Lindsey Mr. Lindsey falsely accused Plaintiff of damaging equipment after Plaintiff complained and engaged in protected activity.

110. Plaintiff was off work for two days and upon his return Mr. Lindsey yelled, screamed and cursed at him, and falsely accused Plaintiff of damaging equipment. Plaintiff was off work at the time the equipment was damaged.

111. Mr. Lindsey extended Plaintiff's probationary period after Plaintiff complained and engaged in protected activity.

112.   Defendant terminated Plaintiff's employment on July 7, 2016, within approximately one month after Plaintiff complained and engaged in protected activity.

113.   Plaintiff suffered additional adverse actions in retaliation for his complaints and protected activity.

114.   Defendant has a habit and/or pattern of retaliation.

115.   Defendant subjected Plaintiff to adverse treatment with respect to the terms and conditions of his employment and terminated Plaintiff in retaliation for his complaints and protected activity.

116.   There is a causal connection between Plaintiff's complaints and the adverse actions he has been forced to endure.

117.   Plaintiff has been unjustly disciplined, denied pay, harassed, and terminated in retaliation for his complaints and protected activity.

118.   Supervisors and managers employed by Defendant engaged in these unlawful retaliatory practices, encouraged and/or condoned these unlawful practices.

119.   Defendant failed to train its employees on its purported antiretaliation policies and reporting procedures.

120.   Defendant's dissemination of any antiretaliation policies and reporting procedures has been ineffective.

121.  Plaintiff has been directly affected by the retaliatory practices described in this Complaint.

122.  Defendant's conduct and the conduct of its employees were so severe or pervasive as to create a retaliatory harassing working environment to which Plaintiff was subjected.

123.  Defendant knew or should have known of the retaliation Plaintiff was forced to endure.

124.  Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

125.  Defendant condoned the illegal retaliation.

126.  Defendant's retaliatory actions discouraged employees from complaining and engaging in protected activity.

127.  Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

128.  Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

129.  Plaintiff has been unjustly harassed, unjustly disciplined, denied pay, disciplined and retaliated against, and terminated for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected

activity and the adverse actions he suffered, including his termination.

130.   Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

131.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

132.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights

of 1964," as amended, and 42 U.S.C. § 1981, as amended;

     c.    Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

     d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

<strong>PLAINTIFF DEMANDS TRIAL BY STRUCK JURY</strong>

          CYNTHIA FORMAN WILKINSON
          State Bar ID No:  ASB-9950-L68C
          Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd.
Suite 200
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS:**
Mr. Kevin Oliver
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd.
Suite 200
Birmingham, Alabama 35203

## PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:

Alabama Cemetery Services, LLC
c/o Business Filings Incorporated
2 North Jackson Street, Suite 605
Montgomery, AL 36104

# EXHIBIT 1

 

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA<br>☒ EEOC | 846-2016-31355 |
| | | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Kevin R. Oliver** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ALABAMA CEMETERY SERVICES** | **15 - 100** | **(205) 556-6182** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2200 Skyland Boulevard East,  Tuscaloosa, AL 35405** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **06-16-2016**    Latest **07-07-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I am a black worker hired by the above named employer April 28, 2016, as a Cemetery Laborer. I performed my job on a satisfactory level. On June 16, 2016,  I reported my supervisor for having me work  in the heat while he and other white coworkers road around in the air conditioned vehicle. This same supervisor is unprofessional, disrespectful, and uses profanity towards me constantly on a daily basis. I was discharged by this supervisor July 7, 2016, for misconduct that he could not describe. My white coworkers are not subjected to the same terms and conditions of employment.**

**I believe I was discriminated against due to my race-black, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9-8-2016 *(Date)*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>RECEIVED<br>OCT 1 2 2016<br>U.S. EEOC<br>Birmingham District Office |

 

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT 2

EEOC Form 101 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Kevin R. Oliver

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-31355 | **MICHAEL COCHRAN,** Federal Investigator | **(205) 212-2114** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Delner Franklin-Thomas,
District Director

FEB 23 2017

(Date Mailed)

cc:     **ALABAMA CEMETERY SERVICES, LLC**
**C/o Shane Reedy, CFO**
**PO BOX 70/ 342 Twin City Hwy.**
**Port Neches, TX 77651**

 

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*